
DA 09-0506

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 286

IN RE THE MARRIAGE OF

CARL L. MYRLAND,

      Petitioner and Appellant,

  and

HEATHER MARIE (DICUS) MYRLAND,

      Respondent and Appellee.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADR 2006-321
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Royal Aubrey Davis; Attorney at Law; East Helena, Montana

      For Appellee:

          Brenda Wahler; Attorney at Law; Helena, Montana

Submitted on Briefs:  October 27, 2010

Decided:  December 30, 2010

Filed:

_____
                    Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Carl Myrland (Carl) appeals from the 2009 Order dismissing his Petition for Dissolution and Parenting Plan for lack of subject matter jurisdiction.  We address the following issues:

¶2      *1.  Did the District Court abuse its discretion in declining to exercise jurisdiction over the dissolution proceeding?*

¶3      *2.  Was the District Court correct in setting aside the Parenting Plan for lack of subject matter jurisdiction?*

¶4      *3.  Did the District Court abuse its discretion in declining to exercise jurisdiction over the custody of ANM?*

¶5      We remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶6      Carl and Heather were married March 28, 1998, in Helena, Montana.  Heather and Carl had one child (ANM), born in Lewiston, Montana.  Carl and Heather both lived with ANM in Lewiston.  Thereafter, Carl and Heather moved to North Carolina for work.  Then, Heather moved to Las Vegas, leaving ANM and Carl in North Carolina.  Carl and ANM moved back to Montana and remained in the state from 2002-2006.  Heather made no attempt to contact ANM during this time period and alleges that she was living in Texas.

¶7      In March, 2006, Heather came to Helena along with her partner whom she introduced as her common law husband.  They were living in the cab of a semi truck that they parked in front of the house where Carl and ANM were living in Helena, Montana. Heather requested to take ANM "for her Birthday" and offered to return her in a month.

2

Heather took ANM and never returned. Heather filed an action for dissolution of marriage in Texas on May 26, 2006.

¶8 Carl claims that he was unaware of the whereabouts of Heather and ANM. Carl filed for a dissolution action in Montana on October 2, 2006. Carl attempted to serve Heather in Nevada, but to no avail. Carl effectively served Heather in Texas on about March 23, 2009.

¶9 Carl moved for default on the Petition for Dissolution filed in Montana. Heather made an appearance in the Montana dissolution action by mail at the Lewis and Clark County Courthouse on April 20, 2009. The court granted Carl's petition for default and issued a Decree of Dissolution. The Decree included a Parenting Plan.

¶10 The court issued the Decree on April 30, 2009, without actual knowledge of Heather's appearance on file at the courthouse. Heather then, through counsel, moved to have the default and dissolution set aside. Heather's motion was granted. A hearing was scheduled on the default decree and jurisdiction. The District Court determined that the dissolution of Carl and Heather's marriage and custody of ANM should be resolved in Texas. Carl appeals.

## STANDARD OF REVIEW

¶11 We review for correctness a district court's interpretation and application of statutes. *Kulstad v. Maniaci*, ¶ 50, 2009 MT 326, 352 Mont. 513, 220 P.3d 595. The standard of review of a decision on a motion to decline jurisdiction is whether the district court abused its discretion. *In re Marriage of Stoneman*, 2003 MT 25, ¶ 10, 314 Mont. 139, 64 P.3d 997.

**DISCUSSION**

¶12    Although dissolution and custody determinations are linked, that is, a court issuing a Decree of Dissolution may include a Parenting Plan if jurisdiction is proper, the jurisdictional requirements are distinct.  The District Court misconstrued the jurisdiction requirements for a child custody determination in setting aside its Decree of Dissolution and Parenting Plan.  The District Court also failed to consider the factors mandated by § 40-7-108 (2)(a)-(h) in dismissing this case.  Therefore, we remand for further proceedings consistent with this opinion.

¶13    ***1.  Did the District Court abuse its discretion in declining to exercise jurisdiction over the dissolution proceeding?***

¶14    A dissolution proceeding commences when a petition is filed.  Section 40-4-105, MCA.  A petition for dissolution must establish that jurisdiction over dissolution exists.  Section 40-4-105(1)(b), MCA.  Section 40-4-104(1)(a), MCA, requires that one party to the marriage has maintained a domicile for 90 days preceding the filing of the action.  In this case, two petitions for dissolution were filed.  At the time Heather filed her petition in Texas, she had been domiciled in Texas for the requisite 90 days.  At the time Carl filed a petition in Montana, Carl was domiciled in Montana for the requisite 90 days.  Therefore, both Texas and Montana have proper jurisdiction over the dissolution proceeding.  The District Court determined that, because Heather filed first, the dissolution should be determined in Texas.  The District Court did not abuse its discretion in setting aside the Decree of Dissolution and allowing the Texas court to address dissolution of the marriage.

4

**¶15    2. Was the District Court correct in setting aside the Parenting Plan for lack of subject matter jurisdiction?**

¶16    Pursuant to § 40-4-104(1)(d), MCA, a district court shall enter a decree of dissolution of marriage if, to the extent it has jurisdiction to do so, the court has considered or passed on the issues for parenting, the support of any child entitled to support, the maintenance of either spouse, and the disposition of property. Commissioners' Note for § 40-4-104 specifically states that:

> If the court lacks jurisdiction to act upon . . . [maintenance, support, property disposition, or custody] without acting upon that matter, it may enter a decree of dissolution of marriage . . . . In such a case, the court has jurisdiction only to dissolve the marriage and it may enter its decree of dissolution . . . .

¶17    Both Montana and Texas have adopted the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), which outlines the jurisdictional requirements for custodial determinations:

> A court of this state has jurisdiction to make an initial child custody determination only if . . . this state is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.
>
> .    .    .
>
> Physical presence of . . . a party or a child is not necessary or sufficient to make a child custody determination.

Section 40-7-201, MCA. *See also Stephens v. Fourth Jud. Dist. Ct.*, 2006 MT 21, 331 Mont. 40, 128 P.3d 1026. Therefore, the pertinent date for purposes of determining jurisdiction is the date of commencement, that is, the date the first pleading was filed.

5

Section 40-7-103(5), MCA; *Stephens*, ¶ 13. The Commissioners' Note explains how the UCCJEA should address potential jurisdictional conflicts by reason of conduct:

> [I]f a parent takes the child from the home State and seeks an original custody determination elsewhere, the stay-at-home parent has six months to file a custody petition under the extended home state jurisdictional provision of Section 201 [§ 40-7-201, MCA], which will ensure that the case is retained in the home State.

Commissioners' Note, § 40-7-109, MCA.

¶18 The facts in this case are identical to the scenario described in the Commissioners' Note, § 40-7-109, MCA. Heather left Montana with ANM and immediately sought an original custody determination elsewhere. ANM had resided in Montana for four years when Heather removed her from the State on or about April 24, 2006. Therefore, Montana was ANM's home state for purposes of jurisdiction until at least October 24, 2006. When Heather filed in Texas on May 26, 2006, ANM could have been in Texas for a few weeks. A few weeks are clearly insufficient to establish Texas as the home state. When Carl filed in Montana, on October 2, 2006, Montana was still the home state of ANM and his petition was filed within six months of Heather's petition. Despite a delay in service and subsequent judicial proceedings, Montana is the only home state of ANM for purposes of jurisdiction.

¶19 The District Court determined that "the state in which the child has been living for the last six months is deemed the home state under Montana law." The court goes on to reason that under any of the facts asserted by the parties, the child had been in Texas "close enough" to the six months necessary to establish jurisdiction in Texas when Carl

6

filed on October 2, 2006. The court further supported its analysis with the fact that ANM and Heather have been living in Texas for the past three years.

¶20 We disagree with the District Court's interpretation of the statute.

¶21 The District Court has first mischaracterized the jurisdictional requirements. The home state for purposes of jurisdiction is the home state of the child within six months before commencement of the proceeding. Section 40-7-201(a), MCA. The home state is not, as the District Court's logic would suggest, any state where the child has resided for six months or for "the last" six months. Next, the District Court states that since ANM had been in Texas for nearly six months by the time Carl filed, the time ANM was in Texas is "close enough" to establish jurisdiction. However, this interpretation disregards that the pertinent date is the filing of the first pleading. The first pleading in this case was Heather's May 26, 2006, petition. At the time that Heather filed, ANM may have been in Texas for a few weeks. A few weeks are not at all "close enough" to the six month minimum requirement for home state jurisdiction. Finally, the fact that ANM has been in Texas for the last three years is not at all significant to our jurisdictional inquiry because according to § 40-7-201(3), MCA, physical presence of the child is neither necessary nor sufficient to establish jurisdiction.

¶22 Dismissing the case for lack of subject matter jurisdiction does not comport with the purpose of the UCCJEA to "deter abductions of children" and is a misapplication of the statute. Commissioners' Note, § 40-7-101(4), MCA. The District Court incorrectly applied § 40-7-201, MCA, in setting aside the Parenting Plan for lack of subject matter jurisdiction. Montana was the only home state of ANM at the time Heather filed her

7

Petition for Dissolution and thus is the only State with jurisdiction over the custody of ANM.

¶23   *3. Did the District Court abuse its discretion in declining to exercise jurisdiction over the custody of ANM?*

¶24   Under the UCCJEA, even where Montana is the home state, a district court may decide to decline jurisdiction at any time if it determines that it is an inconvenient forum. Section 40-7-108(1), MCA.  According to § 40-7-108(2)(a)-(h), MCA:

> Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate that a court of another state exercise jurisdiction.  For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:
>
> (a) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> (b) the length of time that the child has resided outside this state;
>
> (c) the distance between the court in this state and the court in the state that would assume jurisdiction;
>
> (d) the relative financial circumstances of the parties;
>
> (e) any agreement of the parties as to which state should assume jurisdiction;
>
> (f) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
>
> (g) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
>
> (h) the familiarity of the court of each state with the facts and issues in the pending litigation.

We have remanded a district court's decision to decline jurisdiction where the district court failed to consider the inconvenient forum factors outlined in § 40-7-108(2), MCA.

*Riley v. Amundsen (In re Custody of N.G.H.)*, 2004 MT 162, ¶ 20, 322 Mont. 20, 92 P.3d 1215. "If a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state . . . ." Section § 40-7-108(3), MCA.

¶25 The District Court set aside the Parenting Plan and dismissed Carl's petition for lack of subject jurisdiction. The court supported its conclusion with the fact that ANM has resided in Texas for approximately three years. Although the time the child has spent in another state is one of the many factors outlined in § 40-7-108(2), the District Court has not considered whether Montana is an inconvenient forum for that reason or any of the other reasons established in § 40-7-108(a)-(h), MCA.

## CONCLUSION

¶26 The District Court did not err in setting aside the Decree of Dissolution. However, since Montana is the home state of ANM, the court had to either exercise its jurisdiction of the custody proceedings or determine that Montana is not a convenient forum for those proceedings. In the event the court determines that Montana is an inconvenient forum, the court must stay the proceedings so that custody proceedings may be promptly commenced in another state. Accordingly, we affirm the setting aside of the Decree of Dissolution and, as to the custody proceedings, we reverse and remand for the court to address the inconvenient forum factors under § 40-7-108(2)(a)-(h), MCA.

/S/ W. WILLIAM LEAPHART

9

We concur:

/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON