DA 10-0494

FILED

June 8 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 133

IN RE THE MARRIAGE OF:

DAVIE LIN LLOYD,

      Petitioner and Appellant,

  and

BRETT CAMARON LLOYD,

      Respondent and Appellee.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADR 10-487
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            KD Feeback; Gough, Shanahan, Johnson & Waterman, PLLP;
Helena, Montana

      For Appellee:

            Joan Hunter; Hunter Law Firm; Helena, Montana

                  Submitted on Briefs:   April 6, 2011

                             Decided:   June 8, 2011

Filed:

                 _____
                            Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Petitioner Davie Lin Lloyd (Davie) appeals an order of the District Court declining transfer of jurisdiction over the parties' child custody proceeding to Kentucky. The dispositive issue on appeal is whether the court correctly determined that Montana has continuing jurisdiction under the Uniform Child Custody and Jurisdiction Enforcement Act (UCCJEA).

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Davie and Brett Lloyd (Brett) were married in Billings, Montana, on January 2, 1997, and are the parents of one minor child, M.K.L. On September 10, 2004, the Thirteenth Judicial District Court issued a decree of dissolution and parenting plan. The parenting plan allowed for each parent to have alternating weekends, alternating holidays, and two consecutive weeks with M.K.L. during the summer.

¶3 The parenting plan also required, pursuant to § 40-4-217, MCA (2003), a specific procedure if a parent's change of residence would significantly affect the child's contact with the other parent. The moving parent was required to prepare written notice of his or her intent to change residence, prepare a proposed revised residential schedule, and serve the non-moving parent personally or by certified mail not less than 30 days before the proposed change of residence.

¶4 Subsequent to entry of the decree, Davie and M.K.L. moved to Texas and Brett moved from Billings to Helena, Montana. Davie then moved to Oklahoma. Although she did not fully comply with the parenting plan's moving provisions governing change

in residence, Brett assisted her in the move to Texas and was aware of Davie's address and M.K.L.'s whereabouts while they resided in Texas and in Oklahoma.

¶5 In July 2009, M.K.L. was supposed to visit Brett during her summer vacation. Despite Brett's attempts to meet all of Davie's demands, including extensive travel arrangements and agreeing that M.K.L. would spend half of her time in Montana with Davie's extended family, Davie did not put M.K.L. on the plane. Shortly thereafter, Brett filed a police report for custodial interference. The Lewis and Clark County sheriff's office contacted Davie and obtained a felony warrant in Oklahoma, her last known residence, for parenting interference. On July 27, 2009, Brett filed a motion to amend the parenting plan, seeking to have M.K.L. live with him in Montana and visit Davie during the summer. Brett also filed a motion to hold Davie in contempt for failing to allow his summer parenting time in violation of the parenting plan.

¶6 In August 2009, prior to being served with Brett's motions, Davie moved her residence again, this time to Kentucky. Davie did not provide Brett with an address for her new residence, and he was unable to effectively serve her at her last known address in Oklahoma. In May 2010, Davie filed in Kentucky state court a petition for full faith and credit of the 2004 Montana decree and parenting plan. The petition stated that, to her knowledge, no other proceedings were ongoing in this matter. On July 16, 2010, Brett finally secured personal service of his motions at Davie's place of employment in Kentucky.

¶7 On August 2, 2010, the District Court for the Thirteenth Judicial District transferred the case to the First Judicial District Court, Lewis and Clark County. On

3

August 19, 2010, Brett filed an ex parte motion to transfer care, custody, and control of M.K.L. to him and allow him to take her back to Montana. His affidavit supporting the motion represented that Davie still had not informed him of her new address or allowed contact with M.K.L. Brett claimed Davie did not allow him the parenting time provided under the parenting plan and restricted the time he has been allowed by imposing conditions under threat of never seeing his daughter again. Brett claimed that, due to Davie's behavior, he had been unable to communicate with his daughter for nearly two years. The First Judicial District Court entered an order that day in which it found Davie had willfully and maliciously withheld M.K.L. from Brett for a period in excess of one year. The court noted that a felony warrant was outstanding and a motion for contempt was pending. The court ordered that M.K.L. be immediately transferred to her father and set a hearing on the matter for September 7, 2010. Davie was served notice of the court's order on August 24, 2010.

¶8 Davie obtained counsel in Montana and, on August 27, 2010, filed a motion to vacate the September hearing. Davie informed the court that she had filed a motion with the Fleming County Circuit Court of Kentucky to grant full faith and credit to the parties' 2004 decree and parenting plan. Davie argued the Montana court should stay its decision until the Kentucky court determined whether it had jurisdiction. She also contended the ex parte order requiring the transfer of M.K.L. to her father was improper for failing to meet Uniform District Court Rules requiring notice to opposing counsel.

¶9 On September 2, 2010, the Kentucky court sent a letter to the Montana District Court, stating:

4

> Pursuant to KRS 403.820 and MCA 40-7-140, the sections, respectively, of the Kentucky and Montana legislative adoptions of the UCCJEA covering exclusive, continuing jurisdiction of the state which has made the initial child custody determination, this Court has determined that it is desirable for the District Court in Lewis and Clark County (in the State of Montana, where this action was commenced initially), to make certain findings and determinations with respect to this action.

¶10 Recognizing that both Montana and Kentucky have adopted the UCCJEA, the Kentucky court requested the Montana court to determine whether it had exclusive, continuing jurisdiction under the Act and, if so, whether it believed the Kentucky court would be a more convenient forum in which to conduct further child custody proceedings. The Kentucky court also requested the Montana court to consider whether Brett's visitation was prevented between 2004 and 2009, whether Davie had been given appropriate notice regarding the Montana modification motion, and whether Davie had intentionally misled the Kentucky court when she filed her request for full faith and credit in May 2010 stating that, to her knowledge, no other proceedings were ongoing in this matter. The Kentucky court also issued an order summarizing an agreement of the Montana and Kentucky judges that M.K.L. remain in school in Kentucky and that any questions be resolved in the September 7, 2010 hearing.

¶11 On September 7, 2010, the court held a hearing on Brett's motion for immediate transfer of custody and to consider the Kentucky court's requests. Both Davie and Brett were present with counsel. Davie contended that Brett consented to each of her moves from 2004 to the present and that he was also aware of her address at every location. Davie claimed she filed her motion to transfer jurisdiction of the custody proceedings to Kentucky, because Kentucky is now M.K.L.'s "home state."

¶12 The District Court issued a decision and order of jurisdiction on September 30, 2010. Regarding parental interference, the District Court found Brett was not informed of M.K.L's actual residential address in Kentucky until the September 2010 hearing. The court found Davie failed and refused to facilitate contact between Brett and M.K.L. even before the move to Kentucky and that Brett was "cheated out of his rightful parenting times by Davie's conditions."

¶13 Regarding the child's connection to Montana, the court found that M.K.L. had extended family in Montana and no relatives in Kentucky. It also found that Davie's job likely will result in another move, thereby severing any Kentucky connection in only a few years. In addition, the court found Davie's car is still registered in Montana and she does not have a Kentucky driver's license.

¶14 The court further found that Brett made many attempts to serve Davie with his July 2009 motion to amend the parenting plan. In light of the fact that Davie deliberately kept her residence secret from Brett, the Court found that service on Davie in July 2010 was not untimely. The court also found, however, that Davie had not intentionally misled the Kentucky court because her action in Kentucky was filed in May 2010 and she did not receive service of the Montana action until two months later.

¶15 Regarding Davie's multiple relocations, the court concluded that although Davie failed to follow the parenting plan's procedure for change of residence, Brett waived that issue by assenting to Davie's moves to Texas and Oklahoma without following the provisions of the plan.

¶16 The court concluded Montana is the "home state" of the child and M.K.L. has a significant connection to the state of Montana to maintain jurisdiction over the custody of M.K.L. The court decided that although M.K.L. has lived in Kentucky for more than six months, that fact is not sufficient to transfer jurisdiction. Davie appeals.

## STANDARD OF REVIEW

¶17 We review for correctness a district court's interpretation and application of statutes. *Kulstad v. Maniaci*, 2009 MT 326, ¶ 50, 352 Mont. 513, 220 P.3d 595. Our standard of review of a decision on a motion to decline jurisdiction is whether the district court abused its discretion. *In re Myrland*, 2010 MT 286, ¶ 11, 359 Mont. 1, 248 P.3d 290 (citing *In re Marriage of Stoneman*, 2003 MT 25, ¶ 10, 314 Mont. 139, 64 P.3d 997). A district court's findings of fact will not be disturbed unless they are clearly erroneous. *In re Marriage of Fontenot*, 2006 MT 324, ¶ 20, 335 Mont. 79, 149 P.3d 28. A finding is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the record convinces us that the district court made a mistake. *In re Marriage of Steinbeisser*, 2002 MT 309, ¶ 17, 313 Mont. 74, 60 P.3d 441.

## DISCUSSION

¶18 As a preliminary matter, we address Davie's assertion that the court's ex parte order requiring transfer of M.K.L. was illegal for failure to follow the Uniform District Court Rules requiring notice to opposing counsel. M. R. App. P. 6(1) permits an appeal from a final judgment and from those final orders specified in M. R. App. P. 6(2), (3) and (4). Subsection (3), which defines the final orders appealable in civil cases, does not

include an order temporarily transferring custody pending a show cause hearing. *See* M. R. App. P. 6(3). We have denied review of orders that do not meet the criteria of M. R. App. P. 6 and are interlocutory. *See Farmer's Union Mut. Ins. Co. v. Bodell*, 2008 MT 363, 346 Mont. 414, 197 P.3d 913. We also note the transfer order was not implemented pending resolution of the jurisdictional determination. The record indicates that the Montana and Kentucky courts communicated regarding the transfer order and agreed that M.K.L. should remain in school in Kentucky until jurisdiction is decided. We therefore decline to review this claim on the present appeal.

¶19 Davie's principal claim on appeal is that Montana does not have continuing jurisdiction over this matter under the applicable provisions of the UCCJEA. Pursuant to the UCCJEA, a Montana court has jurisdiction to make an initial child custody determination only if:

> this state is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

Section 40-7-201(1)(a), MCA. The pertinent date for purposes of determining jurisdiction is the date of commencement of a child custody proceeding, that is, the date the first pleading was filed. Section 40-7-103(5), MCA; *In re Myrland*, ¶ 17 (citing *Stephens v. Fourth Jud. Dist. Ct.*, 2006 MT 21, ¶ 13, 331 Mont. 40, 128 P.3d 126).

¶20 Davie contends that because she and M.K.L. currently reside in Kentucky and lived there six months before she filed a motion for full faith and credit and before Brett filed a motion to amend the parenting plan, Kentucky is the home state of M.K.L. and

8

should exercise jurisdiction over the child custody proceeding. However, Brett's motion to amend the parenting plan was not the commencement of the custody proceeding. For purposes of jurisdiction, the initial custody proceeding commenced on June 14, 2004, when the petition for dissolution and proposed parenting plan were filed with the Thirteenth Judicial District Court, Yellowstone County, Montana. At the time of filing, Montana was M.K.L.'s home state and the Montana court entered the dissolution and custody decree. The District Court was therefore correct in finding that Montana is M.K.L.'s home state for the purpose of jurisdiction.

¶21 Davie is incorrect in asserting that her petition for full faith and credit transferred jurisdiction over the proceedings to Kentucky. While full faith and credit may be acquired in any UCCJEA state for the purpose of enforcing child custody determinations, a motion for full faith and credit does not automatically transfer jurisdiction of the matter. See § 40-7-303, MCA. A state court other than one in the home state is not permitted to exercise jurisdiction over custody proceedings unless the home state determines that it no longer has a significant connection to the child, the home state declines jurisdiction because it finds another state to be a more convenient forum, or temporary jurisdiction is required due to a child protection emergency. Sections 40-7-201 to -204, MCA. "[T]he original decree State is the sole determinant of whether jurisdiction continues. A party seeking to modify a custody determination must obtain an order from the original decree State stating that it no longer has jurisdiction." Commissioners' Note, § 40-7-202, MCA; *see also* § 40-7-203, MCA. Davie's motion cannot be considered a transfer of

jurisdiction because only a Montana court can determine whether Montana maintains jurisdiction.

¶22 Furthermore, a motion for full faith and credit is not a motion to commence or modify a custody proceeding. Davie's motion acknowledges that custody proceedings were commenced and a valid and enforceable custody decree was issued in Montana. The Kentucky court also acknowledged that Montana is M.K.L.'s home state and stayed its proceedings for a Montana court to determine whether it will exercise continuing and exclusive jurisdiction.

¶23 As the home state of M.K.L., Montana has exclusive continuing jurisdiction over the proceedings until:

> a court of this state determines that neither the child, the child and one parent, nor the child and a person acting as a parent have a *significant connection* with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships[.]

Section 40-7-202(1)(a), MCA (emphasis added). The Commissioners' Notes to § 40-7-202, MCA, inform the courts' analysis of this issue:

> If the relationship between the child and the person remaining in the State with exclusive, continuing jurisdiction becomes so attenuated that the court could no longer find significant connections and substantial evidence, jurisdiction would no longer exist.

Commissioners' Note 2, § 40-7-201, MCA.

¶24 The District Court considered that M.K.L.'s father lives in Montana and plans to reside here for the rest of his life. The court also noted that all of M.K.L.'s extended family members still live in Montana. Her father has visitation rights and M.K.L. has

10

spent extended time in Montana visiting her father and her family. In fact, the only reason M.K.L. has not visited Montana recently is due to Davie's interference. The court had substantial evidence from which to conclude that significant connections with Montana remain.

¶25 Pursuant to § 40-7-202(2), MCA, when a Montana court is the home state and finds a significant connection to maintain continuing and exclusive jurisdiction, a court may nonetheless decline jurisdiction if it finds another court would be a more convenient forum. In response to the Kentucky court's request that Montana consider whether Kentucky would be a more convenient forum, the District Court considered Davie's and M.K.L.'s limited connection to Kentucky, including that they would likely be leaving that state before long and that Davie did not have a driver's license or her car registered in Kentucky. In light of all the circumstances, and based on the evidence before it, the District Court did not find Kentucky to be a more appropriate forum for further child custody proceedings.

¶26 Davie has not met her burden of demonstrating clear error in the District Court's findings of fact. The court held a hearing during which it considered evidence of M.K.L.'s development, her relationship with both of her parents, and her contacts with both Montana and Kentucky. The court had discretion to assess the credibility of the witnesses. *Albrecht v. Albrecht*, 2002 MT 227, ¶ 47, 311 Mont. 412, 56 P.3d 339. Its findings were based on substantial credible evidence and its decision to exercise continuing and exclusive jurisdiction was fully reasoned.

**CONCLUSION**

¶27 The District Court correctly concluded that Montana is M.K.L.'s "home state" under the UCCJEA. It did not abuse its discretion in finding that M.K.L. has a significant connection to Montana or that Kentucky would not be a more convenient forum for conducting further child custody proceedings in this matter.

¶28 We affirm.

/S/ BETH BAKER

We concur:

/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS