FILED

April 2 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0454

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 71N

IN RE THE MARRIAGE OF:

ALEXIS BRANDON FALCONE,

        Petitioner and Appellant,

   and

ANTHONY JOHN FALCONE,

        Respondent and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twentieth Judicial District, In and For the County of Sanders, Cause No. DR 11-20 Honorable Deborah Kim Christopher, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

           Jean Adele Carter, Attorney at Law; Thompson Falls, Montana

        For Appellee:

           Timothy G. Goen, Attorney at Law; Thompson Falls, Montana

        Submitted on Briefs:  February 22, 2012

                   Decided:  April 2, 2012

Filed:

_____
             Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Alexis Brandon Falcone (Alexis) and Anthony John Falcone (Anthony) were married in Orange County, Virginia, in April 2009, and resided there together until Alexis moved to Montana in October 2010.  Anthony filed a petition for annulment of the marriage in Virginia on November 17, 2010.  Alexis filed a petition for dissolution of the marriage in Montana on March 28, 2011.  Anthony was served with Alexis's petition on April 6, 2011, while Alexis was served with Anthony's petition on April 23, 2011.

¶3      Anthony filed a motion and affidavit in the Montana Twentieth Judicial District Court to dismiss and to change the venue of the proceeding to Virginia.  He argued that the District Court lacked jurisdiction but alternatively argued that, even if the court had jurisdiction, Montana was an inconvenient forum and Virginia was the more appropriate state for the proceeding.  Alexis filed an answer brief and affidavit in opposition to the motion.  The District Court issued an order granting Anthony's motion.  The court did not conduct a hearing or state its reasoning for the order, other than to indicate that it had "considered the motion, the briefs, the affidavits, and the pleadings on file in this matter."

¶4      Alexis appeals, arguing that the District Court erred and denied her due process by converting Anthony's motion into a motion for summary judgment without giving notice to the parties under M. R. Civ. P. 12(b)(6) (2009), citing *Farmers Coop. Ass'n v. Amsden, LLC*, 2007 MT 287, 339 Mont. 452, 171 P.3d 684.  Offering that it is undisputed that she resided in

2

Montana for at least 90 days before filing her petition, Alexis asks this Court to declare that her petition was "properly filed" and to remand the case to the District Court with directions to try the case on the merits. She offers that this Court's standard of review is abuse of discretion.

¶5 Anthony argues that Alexis fails to recognize that Montana and Virginia have jurisdiction over the respective petitions filed in each state, and that the issue is not whether Montana has jurisdiction over Alexis's petition, but whether the District Court abused its discretion in declining to exercise jurisdiction and deferring to the exercise of jurisdiction by Virginia. He cites the similar case of *In re Marriage of Myrland*, 2010 MT 286, 359 Mont. 1, 248 P.3d 290.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. "The standard of review of a decision on a motion to decline jurisdiction is whether the district court abused its discretion." *Myrland*, ¶ 11 (citation omitted). The issues in this case are ones of judicial discretion, and there clearly was not an abuse of discretion. The District Court's order was not in the nature of summary judgment requiring further notice, as it was not "a final adjudication on the merits." *Meagher v. Butte-Silver Bow City-County*, 2007 MT 129, ¶ 20, 337 Mont. 339, 160 P.3d 552. Alexis received due process.

¶7 Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ BRIAN MORRIS

3