DA 11-0567

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 136N

IN RE THE MARRIAGE OF:

DAVIE LIN LLOYD,

      Petitioner and Appellant,

   and

BRETT CAMARON LLOYD,

      Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADR 2010-487
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            KD Feeback, Gough, Shanahan, Johnson & Waterman, PLLP, Helena, Montana

      For Appellee:

            Joan Hunter, Hunter Law Office, Helena, Montana

Submitted on Briefs:  May 23, 2012

Decided:  June 26, 2012

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Davie Lin Lloyd (Davie) appeals from a Parenting Plan Order entered by the First Judicial District Court, Lewis and Clark County. We affirm.

¶3      We first considered this case in 2011 when Davie appealed an order from the District Court declining to transfer jurisdiction over the parties' child custody proceeding to Kentucky. *In re Lloyd*, 2011 MT 133, 361 Mont. 22, 255 P.3d 166. The underlying facts are set forth in detail in *Lloyd*, and will be discussed here only as they pertain to this appeal.

¶4      Davie and Brett Camaron Lloyd (Brett) were married in 1997, and are the parents of one minor child, M.K.L. On September 10, 2004, the Thirteenth Judicial District Court issued a decree of dissolution and parenting plan, which awarded Davie residential custody and included an attorney's fees provision. After the dissolution, Davie moved with M.K.L. from Texas to Oklahoma to Kentucky, and finally, to Florida. In the summer of 2009, the parties' communication disintegrated when they disagreed over Brett's summer visitation and as a result, M.K.L. never visited Brett that summer. Due to this communication breakdown, Brett initiated legal proceedings in Montana to enforce the parenting plan.

¶5      As part of the proceedings in the First Judicial District Court, Brett filed a motion for immediate transfer of custody of M.K.L. from Davie to Brett. The District Court held a hearing on Brett's motion on September 7, 2010. During the hearing, the District Court

2

required the parties to appoint a guardian ad litem to represent M.K.L. A guardian ad litem was never appointed. After this hearing, the District Court issued a decision and order of jurisdiction, which eventually resulted in our decision in *Lloyd.*

¶6 After we resolved the jurisdictional question, the District Court held a hearing on the final parenting issues on August 8, 2011, and on August 10, 2011, the District Court entered its Parenting Plan Order. The Order gave Brett residential custody of M.K.L., and included a provision requiring that for each vacation M.K.L. would be transferred to the parent with visitation rights on the evening of the last day of school before the break and would remain with that parent until the evening before school would resume.

¶7 On August 11, 2011, Brett filed a request that the District Court enforce the attorney's fees provision in the 2004 Parenting Plan and award Brett his attorney's fees. The District Court approved that request on August 16, 2011, and on August 24, 2011, Davie filed an M. R. Civ. P. 60(b) motion for relief from the judgment awarding attorney's fees. Counsel for Brett submitted an affidavit containing a statement of attorney's fees on August 29, 2011, to which Davie did not object. On September 21, 2011, the District Court denied Davie's motion and approved the amount of the fees.

¶8 Our standard of review for a district court's award of child custody is whether the district court's findings are clearly erroneous. *In re Marriage of Baer*, 1998 MT 29, ¶ 18, 287 Mont. 322, 954 P.2d 1125. We will affirm the district court's decisions when the findings are supported by substantial credible evidence, unless a clear abuse of discretion is shown. *Baer*, ¶ 18. The district court is required to determine child custody matters in accordance with the best interests of the child. Section 40-4-212, MCA; *Baer*, ¶ 19.

3

¶9　We review a district court's award of attorney's fees for an abuse of discretion. *In re Marriage of Damschen*, 2011 MT 297, ¶ 39, 363 Mont. 19, 265 P.3d 1245.  A district court abuses its discretion when it acts arbitrarily without employment or conscientious judgment or so exceeds the bounds of reason as to work a substantial injustice. *Damschen*, ¶ 39.

¶10　Davie argues that the District Court's following Findings of Fact are not supported by substantial credible evidence, and are, therefore, clearly erroneous:

> 3. Since 1999, the parties have not been able to communicate effectively with respect to the parenting plan.
>
> 4. Since 1999, Davie lived and worked in the state of Kentucky and recently relocated to St. George Island, Florida.  She works as a CEO for rural hospitals, which requires her to relocate every few years.  In relocating to Florida, she failed to give Brett the required notice of intent to relocate and refused to give him her residential address, until this Court ordered her to reveal that information at the present hearing.
>
> 5.  Davie's explanations as to why she has impeded Brett's access to M.K.L. has [sic] little if any credibility with this Court.  The reality is that she does not want Brett to be involved in M.K.L.'s life.
>
> 6.  Brett continues to reside in Helena, is employed, and has a stable lifestyle.
>
> 7.  As set forth in this Court's previous orders, Davie has intentionally withheld M.K.L. from Brett and has frustrated his attempts to locate her and her child.
>
> 8.  Evidence received at this hearing indicates that Davie's actions have not changed and that she has no interest in facilitating a relationship between Brett and their daughter.  For example, she recently brought M.K.L. to Montana to spend time with her extended family members, but never let Brett know that his daughter was in the state.  Davie never attempted to bring M.K.L. and Brett together so that he could have some parenting time with his daughter.  Davie's actions indicate that she believes her extended family is more important to M.K.L. than the child's own father.

.　.　.

4

11. The Court concludes that M.K.L. should be allowed to develop and maintain a healthy and close relationship with her father. Evidence indicates that she is comfortable with her father, and that there are no issues that would preclude such a relationship.

¶11 After reviewing the record, we conclude that the District Court's decision to change the residential custody of M.K.L. is not a clear abuse of discretion because the court's findings of fact are supported by substantial credible evidence and are not clearly erroneous.

¶12 Davie additionally argues a guardian ad litem should have been appointed. At the September 7, 2010, transfer of custody hearing, the District Court recognized that it might be best to have a guardian ad litem represent M.K.L. The court also realized that it would be difficult to employ a guardian ad litem due to Davie and Brett living in separate states. Davie contacted a guardian ad litem, but the guardian was unavailable to meet with the parties prior to the hearing on August 8, 2011. In the end, a guardian ad litem was never appointed. Davie now argues that this constitutes clear error due to the court originally ordering the appointment of a guardian ad litem, but not enforcing its order.

¶13 A district court "*may* appoint a guardian ad litem to represent the interests of a minor dependent child with respect to the child's support, parenting, and parental contact," § 40-4-205(1), MCA (emphasis added), but it is not required to do so. We have consistently held that § 40-4-205, MCA, is not a mandatory statute, and the appointment of a guardian ad litem is therefore discretionary with the court. *See In re Arneson-Nelson*, 2001 MT 242, ¶ 34, 307 Mont. 60, 36 P.3d 874. Accordingly, the District Court's ultimate decision not to require a guardian ad litem is one of judicial discretion and we conclude that there clearly was not an abuse of discretion.

¶14 Davie next argues that the parenting plan will cause M.K.L. to miss school for each custodial transfer that takes place during the school year because M.K.L. would have to miss school to travel from Montana to Florida for visitation. In support of her position, Davie cites *In re Marriage of Gersovitz*, 238 Mont. 506, 507-08, 779 P.2d 883, 884 (1989), for the proposition that it is never in the best interests of the child to miss school. Brett contends *Gersovitz* is distinguishable because the facts are different, and M.K.L. would not be missing nearly as much school as in *Gersovitz*. Brett additionally argues that, even if M.K.L. misses some school, it is in her best interest not to be "haul[ed] . . . out of school, activities and friendship" every time Davie moves. The District Court's decision regarding visitation is one of judicial discretion and there clearly was not an abuse of discretion.

¶15 Davie also argues that the District Court erred when it awarded Brett attorney's fees for two reasons. First, Davie asserts that due to the fact that the 2004 Parenting Plan was categorically ignored, Brett should be deemed to have waived his right to seek compliance thereof. Second, Davie argues that Brett should be precluded from receiving attorney's fees because he refused to mediate, thereby forcing the parenting plan issue to court. Brett counters by arguing that he has tried to enforce the majority of the provisions in the 2004 Parenting Plan, but that Davie has placed restrictive conditions on him, has delayed the process, and has withheld his parenting time from him. The District Court's decision awarding attorney's fees to Brett is one of judicial discretion and there clearly was not an abuse of discretion.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.

6

¶17   Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ BRIAN MORRIS