FILED

07/29/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0042

DA 25-0042

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 162

---

IN RE THE PARENTING OF A.V.R.,

     A Minor Child,

KENNETH H. KOFLER,

     Petitioner and Appellee,

  and

BILLEE K. REIS,

     Respondent and Appellant.

---

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR-17-525
Honorable Robert B. Allison and Honorable Paul Sullivan,
Presiding Judges

COUNSEL OF RECORD:

     For Appellant:

          Brandi R. Ries, Emily A. Lucas, Ries Law Group, P.C., Missoula, Montana

          Spencer T. MacDonald, MacDonald Law Office, PLLC, Missoula, Montana

     For Appellee:

          Mary Kate Moss, Michelle R. Finch, Gravis Law, PLLC, Whitefish, Montana

---

          Submitted on Briefs:  June 18, 2025
                  Decided:  July 29, 2025

Filed:

               _____
                        Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Billee K. Reis (Reis) appeals three Orders from the Eleventh Judicial District Court, Flathead County: (1) the denial of her motion to transfer jurisdiction; (2) the denial of her motion to dismiss for lack of subject matter jurisdiction; and (3) the awarding of attorney's fees to Kenneth K. Kofler (Kofler). We restate the following issues on appeal:

1. *Whether the District Court abused its discretion by not relinquishing jurisdiction of the parties' parenting plan proceeding to North Carolina.*

2. *Whether the District Court abused its discretion by awarding Kofler attorney's fees.*

We affirm in part and reverse in part.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 This case has a long and exhausting history of litigation. Reis and Kofler share a minor child, A.V.R. In 2017, Kofler filed a Petition to Establish Parenting Plan with the Flathead County District Court. At the time, Kofler resided in Vancouver, Washington, while Reis and A.V.R. lived in Kalispell, Montana. On December 21, 2018, the District Court entered a final parenting plan based on the recommendation of Family Court Services. This parenting plan provided that A.V.R. would reside with Reis and that Kofler would gradually increase his parenting time with A.V.R., with plans for Kofler to eventually move to Kalispell.

¶3 On March 27, 2019, Kofler filed a motion to amend the parenting plan. He advised the District Court he no longer could move to Kalispell and requested that the court enter a long-distance parenting plan. Kofler also indicated that Reis had stopped utilizing Our

2

Family Wizard which made it difficult to facilitate visits with A.V.R. On June 27, 2019, the District Court continued the original parenting plan recommended by Family Court Services until a hearing could be held in December 2019.

¶4     On December 3, 2019, a hearing was held on Kofler's motion to amend the parenting plan. However, prior to the District Court's ruling, Reis filed an emergency motion to stay the court's decision and requested that Kofler's contact with A.V.R. be restricted. Reis alleged that Kofler had abused A.V.R. and that a criminal investigation into the abuse was pending in Flathead County. When no charges were filed by the Flathead County Attorney's Office, the District Court issued a Notice to Counsel on October 6, 2021, advising of such. Kofler renewed his motion to amend the parenting plan, and a hearing was held on June 27, 2022. On November 14, 2022, the District Court issued an interim parenting plan that required reunification therapy for Kofler and A.V.R. To date, no final parenting plan has been issued.

¶5     The record has been active since the District Court's issuance of an interim parenting plan. Indeed, over the next two years, a multitude of motions were filed addressing, among other things, the court's requirement that reunification efforts begin. Reunification, moreover, was made difficult because Reis relocated to North Carolina without permission while these interim proceedings were pending. On May 13, 2024, Reis notified the District Court that she had filed an action in North Carolina seeking emergency custody and asking the North Carolina court to accept jurisdiction. The North Carolina court found that "[n]o party herein nor the minor child reside in the state of Montana.

Neither the plaintiff nor the minor child have ever resided in the state of Washington." The North Carolina court entered an Emergency Ex Parte Temporary Custody Order granting Reis her requested relief. However, between the time the North Carolina court assumed emergency jurisdiction and pending its August 27, 2024 hearing, the District Court issued a July 19, 2024 Order requiring reunification therapy in Washington for Kofler. At the August 27, 2024 hearing before the North Carolina court, the North Carolina court dismissed the action, stating: "The Undersigned emailed and spoke to Judge Allison [then presiding Montana district court judge]. Judge Allison indicated that due to the extensive history involving these parties and the fact there are pending issues in this matter that he would not cede jurisdiction to North Carolina." The North Carolina court noted that "[i]t appears as late as July 19, 2024, Judge Allison in Montana entered an Order concerning the minor child."

¶6      Following the dismissal of the North Carolina action, the District Court entered an order "reaffirming" its July 19, 2024 order for reunification efforts and setting a hearing on Kofler's motion for contempt. Reis appealed that order to this Court arguing that the District Court erred in refusing to transfer jurisdiction and that it lacked subject-matter jurisdiction. We dismissed her appeal on the basis that the District Court had only entered an oral order refusing to relinquish jurisdiction and had not entered any order at all regarding subject-matter jurisdiction, thus there was no final order from which an appeal could be taken. *In re The Parenting of A.V.R.*, No. DA 24-0950, Order (Mont. Nov. 12, 2024).

4

¶7 Consequently, Reis returned to District Court and renewed her earlier motion to transfer jurisdiction, which the District Court had not yet issued a written order on. Kofler filed a motion to strike Reis's renewed motion and requested attorney's fees on the basis that he was forced to re-brief an already briefed motion. The District Court granted Kofler's motion to strike and awarded Kofler his attorney's fees. On December 27, 2024, the District Court denied, by written order, Reis's motion to dismiss for lack of subject matter jurisdiction. In January 2025, a new district judge assumed jurisdiction and, on January 7, 2025, the court issued an order denying Reis's motion to transfer jurisdiction because "there is no pending proceeding in another state. The record bears no indication that one exists, and it is not the Court's obligation to seek one out." Thus, not until December 2024 and January 2025 did the District Court address Reis's motions in a written order.

¶8 Reis appeals the District Court's denial to relinquish and transfer jurisdiction to North Carolina and its award of attorney's fees to Kofler.

## STANDARD OF REVIEW

¶9 We review a district court's denial of a motion to transfer jurisdiction for abuse of discretion. *In re Lloyd*, 2011 MT 133, ¶ 17, 361 Mont. 22, 255 P.3d 166. A district court abuses its discretion "when it acts arbitrarily, without employment of conscientious judgment or in excess of the bounds of reason, resulting in substantial injustice." *In re A.J.W.*, 2010 MT 42, ¶ 12, 355 Mont. 264, 227 P.3d 1012. Jurisdiction in this proceeding is based on statute. We review a district court's interpretation and application

5

of statutes for correctness and will not disturb a district court's findings of fact unless they are clearly erroneous. *In re Lloyd*, ¶ 17.

¶10 We review a district court's award of attorney's fees for abuse of discretion. *Kuhr v. City of Billings*, 2007 MT 201, ¶ 14, 338 Mont. 402, 168 P.3d 615.

**DISCUSSION**

¶11 *1. Whether the District Court abused its discretion by not relinquishing jurisdiction of the parties' parenting plan proceeding to North Carolina.*

¶12 Reis does not dispute that the District Court had initial jurisdiction to enter the original parenting plan. However, Reis asserts that the District Court no longer had exclusive, continuing jurisdiction over the parenting action because both the Montana and North Carolina district courts determined neither she, Kofler, nor A.V.R. resided in Montana, and therefore the District Court must relinquish jurisdiction to the North Carolina court where she registered the interim parenting plan and currently resides with A.V.R.

¶13 This dispute is governed by the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). Montana and many other states, including North Carolina, adopted the UCCJEA in 1999. A Montana court that has issued a child custody determination pursuant to §§ 40-7-201 or -203, MCA, possesses exclusive, continuing jurisdiction over the matter until:

> (a) a court of this state determines that neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

6

(b) a court of this state or a court of another state determines that neither the child, a parent, nor any person acting as a parent presently resides in this state.

Section 40-7-202(1), MCA.

¶14 Reis maintains that the District Court determined neither parent or A.V.R. resided in Montana and that, therefore, the District Court should have relinquished jurisdiction to North Carolina pursuant to § 40-7-202(1)(b), MCA. The first District Court order addressing subject-matter jurisdiction found that "[Reis] left [Montana] without notice to [Kofler] . . . [and] ended up in North Carolina where she had no family. Her departure under those circumstances was a violation of both her parenting plan and Montana law." However, rather than order her to return to Montana where neither parent resided, the court accommodated Reis and set in place a reunification counseling regimen. The court noted that reunification has progressed little over the past four years during the pendency of the interim parenting plan. Based on our review of the record, it is clear these proceedings were ongoing, and on that basis the District Court refused to relinquish jurisdiction to North Carolina. No party contends otherwise. Reis did not request to stay or terminate the proceedings under the relevant section of the UCCJEA addressing an inconvenient forum, § 40-7-108, MCA. In the second order issued January 7, 2025, the District Court refused to transfer jurisdiction to North Carolina because there was no proceeding pending there. In its denial of Reis's Motion to Transfer Jurisdiction, the District Court cited *In re A.R.B.*, where we concluded that without another court asking to take the case, there is no other court to which they could relinquish jurisdiction. *In re A.R.B.*, 2013 MT 310, ¶ 19, 372 Mont. 274, 312 P.3d 425.

¶15    *In re A.R.B.* involved both the UCCJEA and the Interstate Compact on the Placement of Children (ICPC). A.R.B. was born in Montana and removed from her mother while still in the hospital. *In re A.R.B.*, ¶ 8. She was placed with a family in Utah that had adopted Mother's other child following the termination of Mother's rights to that child. *In re A.R.B.*, ¶ 10. Mother made the same argument as Reis—that the court was obligated to apply the UCCJEA and relinquish jurisdiction upon making a finding under § 40-7-202, MCA. *In re A.R.B.*, ¶ 16. The district court in *In re A.R.B.* refused to make a finding under (a) or (b) of § 40-7-202, MCA because there was not a court in Utah to which it could relinquish jurisdiction. *In re A.R.B.*, ¶ 19. We affirmed and held that "any obligation to relinquish jurisdiction to another court under the 'exclusive, continuing jurisdiction' provision of the UCCJEA requires a pending proceeding in the other state." *In re A.R.B.*, ¶ 19. We observed that "Montana courts are not obligated to seek out and demand initiation of a proceeding in a sister state's court." *In re A.R.B.*, ¶ 19. We concluded the court did not abuse its discretion because before the "exclusive, continuing jurisdiction" provision of the UCCJEA could be invoked, there must be a pending proceeding in another state. *In re A.R.B.*, ¶ 19. Accordingly, based on *In re A.R.B.*, the District Court here was correct when it issued its January 7, 2025 order denying Reis's request to transfer jurisdiction because there was no pending proceeding in North Carolina.

¶16    Reis maintains that the absence of a North Carolina proceeding is due entirely to the District Court's error in failing to relinquish jurisdiction under § 40-7-202(1)(b), MCA, following its communication with the North Carolina court. However, like Montana, North

8

Carolina has accepted and is bound by the provisions of the UCCJEA. Pursuant to N.C. Gen. Stat. Ann. § 50A-206,

> . . . a court of this State may not exercise its jurisdiction under [the UCCJEA] if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this Article, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this State is a more convenient forum under G.S. 50A-207.

Because the proceeding in Montana was pending at the time Reis initiated the North Carolina proceeding, the North Carolina court could not accept jurisdiction pursuant to § 50A-206 unless the District Court in Montana found North Carolina to be a more convenient forum. The District Court, however, determined it was very familiar with the extensive history of the parents and that the matter was "litigated and heard and investigated between 2017 and 2021 and was both pending and ongoing." It refused to relinquish jurisdiction which, under the UCCJEA, prevented the North Carolina court from accepting jurisdiction. Montana's proceeding commenced prior to the North Carolina proceeding, involved A.V.R., and had not been terminated or stayed.

¶17 Reis analogizes the facts of this case to that of *In re A.B.A.M.*, 2004 MT 222, 322 Mont. 406, 96 P.3d 1139, where we reversed a Montana district court's refusal to relinquish jurisdiction to a Pennsylvania court pursuant to § 40-7-202(1)(b), MCA. In *A.B.A.M.*, the Montana court had entered a parenting plan, and there was no proceeding pending before a Montana court when the mother commenced a new proceeding in Pennsylvania alleging Father's abuse of the child. *In re A.B.A.M.*, ¶¶ 4-7. We held that "[a]t the *beginning of this proceeding*, [the father] was to be found in Seattle, Washington, and [the mother and child]

resided in Pennsylvania. Thus, at that time, Pennsylvania could make a determination, pursuant to § 40-7-202(1)(b), MCA, that [neither the child or parents] 'presently' resided within Montana *on the day the proceeding was commenced*." *In re A.B.A.M.*, ¶ 24. (Emphasis added). In contrast, the Montana proceeding remains pending and was commenced prior to the proceeding in North Carolina; the District Court has been overseeing a reunification plan for Kofler; the parties are still awaiting a final parenting plan from the District Court; and continuing, exclusive jurisdiction was based on Reis and A.V.R. living in Montana when the instant action was initiated. Accordingly, *A.B.A.M.* is not analogous to the case before us.

¶18    Here, Reis initiated proceedings in North Carolina during the pendency of the Montana action when she filed a Motion to Modify and Jurisdictional Motion for Emergency Custody in a North Carolina district court. The North Carolina court entered an Emergency Ex Parte Temporary Custody Order that awarded Reis "the temporary sole legal and physical custody, care and control of [A.V.R.]," and found that "[n]o party herein nor the minor child reside in the state of Montana. Neither the plaintiff nor the minor child have ever resided in the state of Washington." However, the North Carolina court subsequently dismissed the action after learning of the pending and actively ongoing action in Montana and that the District Court refused to relinquish jurisdiction. The North Carolina court was required to dismiss the proceeding pursuant to the UCCJEA because the District Court did not stay or terminate its proceedings based on North Carolina being a more convenient forum. After that, there was no further relevant action pending in

another jurisdiction. Without a pending proceeding in another state, Montana retained exclusive, continuing jurisdiction over the matter pursuant to § 40-7-202(1), MCA. Although both the Montana and North Carolina District Courts determined that neither the parties nor A.V.R. resided in Montana, the District Court was not divested of exclusive, continuing jurisdiction because the record is clear there was no relevant action pending in another jurisdiction. *In re A.R.B.*, ¶ 19. Accordingly, we affirm the District Court's denial of Reis's request to transfer jurisdiction.

¶19 *2. Whether the District Court abused its discretion by ordering Reis to pay attorney's fees.*

¶20 The District Court awarded attorney's fees to Kofler in its Order to Strike Reis's Renewed Motion to Transfer Jurisdiction and Brief in Support on the grounds that it was "an improper supplement to a matter that is fully briefed." Reis argues that the District Court abused its discretion in awarding attorney's fees because it failed to enter an order on jurisdiction for over five months, thus necessitating Reis to make additional filings. She also claims abuse of discretion on the basis that the District Court failed to cite any legal authority in its award of attorney's fees. Kofler, on the other hand, claims he has incurred unnecessary attorney's fees stemming from Reis's "blatant avoidance of [the District Court's] authority, civil procedure, and rules."

¶21 In Montana, attorney's fees are generally not recoverable without a statutory or contractual provision. *Nat'l Cas. Co. v. Am. Bankers Ins. Co.*, 2001 MT 28, ¶ 27, 304 Mont. 163, 19 P.3d 223. "[A] district court's underlying determination that legal authority exists for an award of attorney fees is a conclusion of law which we review to determine

11

whether the court interpreted the law correctly." *Nat'l Cas. Co.*, ¶ 27. Whether the facts satisfy the legal authority is reviewed de novo. *Mlekush v. Farmers Ins. Exch.*, 2015 MT 302, ¶ 8, 381 Mont. 292, 358 P.3d 913.

¶22 In *Goodover v. Lindey's*, 255 Mont. 430, 843 P.2d 765 (1992), we reversed a district court's award of attorney's fees because the district court did not rely on statutory or contractual authority. Instead, the district court in *Goodover* relied on a United States Supreme Court decision to assess whether attorney's fees were an appropriate sanction under the "bad faith" exception to Montana's general rule. *Goodover*, 255 Mont. at 445, 843 P.2d at 774; *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). The district court concluded that awarding attorney's fees fell within their general equity power to make a party whole. *Goodover*, 255 Mont. at 445-46, 843 P.2d at 774. However, Montana has not adopted a "bad faith" equitable exception. *Goodover*, 255 Mont. at 448, 843 P.2d at 776. With no exception or legal basis for awarding attorney's fees, we held that the court abused its discretion. *Goodover*, 255 Mont. at 449, 843 P.2d at 776-77.

¶23 Here, as in *Goodover*, the District Court awarded attorney's fees without a statutory or contractual basis for doing so. In fact, the court failed to provide us with any legal authority to review at all. Even assuming Reis's Renewed Motion to Transfer Jurisdiction was "an improper supplement to a matter that is fully briefed," we cannot uphold the awarding of attorney's fees without reference to the proper authority to do so. Our precedent is clear that without a statutory or contractual provision, attorney's fees are not recoverable. We do note, however, that Reis was forced to make additional filings because

12

the District Court failed to enter a written order on jurisdiction for over five months and her appeal was denied because of the absence of any written order in the file. We conclude the District Court abused its discretion in awarding attorney's fees to Kofler.

## CONCLUSION

¶24 We affirm the District Court's determination that Montana has exclusive, continuing jurisdiction over this case under the UCCJEA. Pursuant to the UCCJEA, North Carolina could not accept jurisdiction while there was a previously commenced proceeding in Montana that was neither terminated or stayed based on Montana being an inconvenient forum. Without a pending proceeding in another state, Montana retained exclusive, continuing jurisdiction over the matter pursuant to § 40-7-202(1), MCA.

¶25 We reverse the District Court's award of attorney's fees.

¶26 Affirmed in part and reversed in part.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE

13